LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: CF0044-93 |
|---|---|---|
| vs. | ) | **DECISION & ORDER** |
| | ) | **(Motion to Release on Own Recognizance)** |
| RYAN D. NISPEROS, | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on December 17, 2013 for a Motion Hearing on Ryan D. Nispero's ("Defendant") Motion to Release on Own Recognizance ("Motion"). The People of Guam (the "People") were represented by Assistant Attorney General Matthew Heibel and Defendant was represented by Assistant Public Defender Peter Sablan.

Upon considering the Motion and the suitability of Defendant's proposed third party custodians, and the applicable law, the Court hereby **DENIES** the Motion to Release and renders the following written Decision pursuant to 8 GCA § 40.50(a).

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged with three (3) counts of Burglary (As a 2nd Degree Felony) and one (1) count of Theft (As a 3rd Degree Felony) in 1993. The case remains open as Defendant left the island before executing his plea agreement. He was arrested on a return of warrant on October 28, 2013 and held on $5,000 cash bail. Defendant filed this Instant Motion to Release on His Own Recognizance on December 5, 2013. The Court heard oral argument on the Motion on December 17, 2013 and Defendant also presented two proposed third party custodians. The Court denied the Motion from the bench and now issues this written Decision and Order as required under 8 GCA § 40.50(a).

## LAW AND ANALYSIS

Title 8 GCA § 40.15 states that "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in [her] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The non-exhaustive factors under § 40.15 for the Court to consider in determining if a defendant presents a substantial risk of nonappearance or is a danger to any other person in the community include:

a. The length of his residence on Guam;

b. His employment status and history and his financial condition;

c. His family ties and relationships;

d. His reputation, character and mental condition;

e. His prior criminal record; if any, including any record or prior releases on recognizance or on bail;

f. The identity of reasonable member of the community who will vouch for his reliability;

g. The nature of the offense charged, the apparent possibility of conviction and the likely sentence insofar as these factors are relevant to the risk of nonappearance;

h. The danger the person would pose to the community or to any individual member thereof if released; and

i. Any other factors which bear on the risk of willful failure to appear.

If the Court finds that release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person, the Court may still permit release but subject to certain conditions under 8 GCA § 40.20:

a. Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

b. Placement of restrictions on the activities, movements, associations and residence of the person;

c. Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

d. Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

e. Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

Upon consideration of the 8 GCA § 40.15 factors the Court finds that Defendant's willful disregard of court orders for over 20 years and repeatedly leaving the jurisdiction makes him a poor candidate for release. Defendant left island before the closing of his case in 1993, returned in 2007, left Guam again, and then returned to Guam in 2013. During that entire time period, Defendant made no effort to appear or answer to the pending charges against him. Defendant's arrest and return of warrant only occurred by happenstance when he came to the Guam Judicial Center for a traffic clearance. Based upon this lengthy history of willfully disregarding the Court's orders, the Court finds that the Defendant's release would present a substantial risk of nonappearance. Furthermore, Defendant's two proposed third party custodians were both deemed inappropriate by Probation. The Court does note that there is no indication that his release would pose a danger to others or the community, but will deny release for the above reasons.

The Court finds that detention at this time is not intended to punish the Defendant, but it is the least onerous condition for ensuring Defendant's continued appearance in court.

Based on the above, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED** this __13th__ day of January 2014.

Original Signed By:
Hon. Maria T. Cenzon

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

1·13·14

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam